**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3008-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARKITA A. NORRIS, a/k/a MARKITA
ANITA NORRIS and MAKITA A.
NORRIS,

    Defendant-Appellant.

_____

Submitted February 27, 2017 — Decided  May 15, 2017

Before Judges Sabatino, Nugent and Haas.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Indictment No. 10-
07-0774.

Joseph E. Krakora, Public Defender, attorney
for appellant (Rochelle Watson, Assistant
Deputy Public Defender, of counsel and on the
brief).

Grace H. Park, Acting Union County Prosecutor,
attorney for respondent (Cynthia L. Ritter,
Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant Markita A. Norris appeals from her judgment of conviction on resentencing for murder and attempted murder. We previously affirmed defendant's convictions, State v. Markita A. Norris, No. A-1561-12 (App. Div. Nov. 30, 2015), certif. denied, 226 N.J. 213 (2016), but remanded for resentencing. Id. (slip op. at 2).

On remand, after finding one less aggravating factor on the murder count, and two fewer aggravating factors on the attempted murder count, the court imposed the same consecutive sentences it had previously imposed.[1] The court did not explain why, on remand, the elimination of the most serious aggravating factors it had considered in its original sentence did not affect the resentence. For this and the reasons that follow, we are constrained to remand again for further sentencing proceedings. In doing so, we reject

---

[1] The aggravating factors set forth in N.J.S.A. 2C:44-1(a), relevant to this appeal, include: (1) The nature and circumstances of the offense, and the role of the actor therein, including whether or not it was committed in an especially heinous, cruel, or depraved manner; (2) The gravity and seriousness of harm inflicted on the victim, including whether or not the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, ill-health, or extreme youth, or was for any other reason substantially incapable of exercising normal physical or mental power of resistance; (3) The risk that the defendant will commit another offense; (6) The extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted; and, (9) The need for deterring the defendant and others from violating the law.

defendant's suggestion that the sentencing was a product of the sentencing court's intransigence.

The facts underlying defendant's conviction are detailed in our previous opinion and need not be repeated in their entirety. Rather, we recount the facts relevant to defendant's sentence. The State established at trial that following a fundraiser at the Black United Fund in Plainfield, defendant and her uncle instigated a verbal altercation with the surviving victim and the decedent. Id. (slip op. at 3-4). During the verbal altercation, defendant's uncle punched the surviving victim, and a fight ensued. Id. (slip op. at 4). Although the trial witnesses were not entirely consistent as to the sequence of events, their testimony, considered collectively, established that while defendant's uncle fought with the surviving victim, defendant stabbed the surviving victim twice in the left arm and once in the back. The surviving victim suffered a collapsed lung and other injuries. Id. (slip op. at 4-5, 8).

The testimony of witnesses also established that defendant fought with and stabbed the decedent, who collapsed on the sidewalk. Defendant walked away but returned and kicked the victim, once or repeatedly, according to differing witness accounts. Id. (slip op. at 5-8). After stabbing the decedent and then attacking him a second time, defendant danced in the middle

of the street before she and her uncle drove away in his car.  Id.
(slip op. at 5).  The autopsy revealed the cause of decedent's
death to be multiple stab wounds to the chest, abdomen, and right
arm.  Id. (slip op. at 8).

When the trial court sentenced defendant the first time, the
court did not distinguish between the aggravated assault and murder
counts when it considered aggravating and mitigating factors.  The
court explained the basis for finding aggravating factors one and
two:

> In this matter, supporting those factors, by
> the facts on this case, the [c]ourt finds the
> cruel manner in the attack as this person
> attacked two individuals, both separately, two
> separate victims with a knife, one of which
> she was having a dispute, and then when
> finishing with one, turned her attentions to
> the other, stabbing one from the back.
>
> Next, the excessive force.  There were
> multiple stab wounds involved in this case.
>
> Next supporting factor, the brutal and
> senseless nature.  The victims were attacked
> in this matter after a fund raiser dance.  This
> was at a place in Plainfield called the BUF.
> It was there for a youth sports night.  This
> whole incident appeared to occur due to a bump
> on the dance floor, it spilled over to the
> streets outside, after people were leaving.
> Brutal and senseless.
>
> Overall, the nature of this case is horrific,
> the acts depraved, and the dancing over the
> victim uncalled for, showing this [c]ourt a
> lack of remorse, and in a review of the papers,

A-3008-15T5

the [c]ourt believes demonstrates lack of remorse in this case.

[Id. (slip op. at 27-28).]

In our opinion affirming defendant's convictions, we remanded for resentencing, explaining:

> There are several problems with the trial court's finding of factors one and two. First, the trial court's opinion does not include for each factor "a distinct analysis of the offense for which the court sentences the defendant." State v. Lawless, 214 N.J. 594, 600 (2013).
>
> Second, the trial court referred to the "cruel" manner of the attack on the victims without any discussion or finding as to whether defendant inflicted pain or suffering gratuitously, as an end in itself, rather than merely as a means of committing the crimes. [State v. O'Donnell, 117 N.J. 210, 217-18 (1989)]. If the trial court intended to make this distinction, it did not explain the facts upon which it relied.
>
> Third, the trial court's emphasis on two crimes and two attacks was central to its determination to impose consecutive sentences under Yarbough. Thus, it appears the court considered the same factors in sentencing defendant to consecutive sentences and in sentencing defendant to upward ranges of the consecutive sentences.
>
> We have other concerns as well. For example, the court cites the use of "excessive force," but does not explain how the force used in this case is different from any other first-degree murder or first-degree aggravated assault committed with a knife. In fact, it appears the excessive force — multiple stab wounds — caused decedent's death, thereby

subjecting defendant to a sentence for murder. And though the court found the attacks to be brutal and senseless, the question is whether there is something about what occurred here that is more brutal and senseless than any other first-degree murder or first-degree aggravated assault.

In short, it appears from this record that the court double-counted aggravating factors one and two. Accordingly, we vacate defendant's sentence and remand for resentencing. In view of this disposition, we need not address whether the eighty-year aggregate sentence of the twenty-one-year-old defendant — in effect, a sentence to life imprisonment without any likelihood of parole — shocks the judicial conscience.

[Id. (slip op. at 28-29.]

When the remand hearing commenced, the court stated that it would not consider aggravating factors one and two in resentencing defendant. During the course of oral argument, however, the court was apparently persuaded by the State's contention that, though aggravating factor two was without "a solid justification," aggravating factor one was at least applicable as to the decedent.

Before imposing sentence, the court confirmed defendant's eligibility for a discretionary extended term under N.J.S.A. 2C:44-3(a), the persistent offender statute. Defendant, age twenty-one when she committed the murder and attempted murder, had been convicted of four previous adult offenses: third-degree resisting arrest and fourth-degree criminal trespass, both

committed when she was eighteen years old; and third-degree possession of a weapon for an unlawful purpose and third-degree possession of a controlled dangerous substance, both committed when she was nineteen years old. Defendant thus qualified as a persistent offender. She had "been convicted of a crime of the first, second or third degree [when] [twenty-one] years of age or over, [and had] been previously convicted on at least two separate occasions of two crimes, committed at different times, when [she] was at least eighteen years of age, . . . within [ten] years of the date of the crime for which [she was] being sentenced." N.J.S.A. 2C:44-3(a).

Next, as to the crime of murder, the court found aggravating factor one, the nature and circumstances of the offense. The court found that defendant left the decedent lying face down on the sidewalk after she stabbed him, and "returned . . . to attack him about the face, head and chest."

The court also found aggravating factor number three, the risk of re-offense. The court based its determination on defendant's record, including her "lack of success" on probation and parole. She served two probationary terms resulting in two violations of probation. The court pointed out "[s]he had four New Jersey State Prison terms and four parole violations[.]" The court also noted defendant's juvenile record.

The court found aggravating factor six, defendant's prior criminal record. The court explicitly stated it was considering factor six only insofar as it was a consideration as to the extended-term sentence.

Lastly, the court found aggravating factor number nine based on defendant's criminal record, the need to protect the public, and the need to deter others by sending a message that such conduct will not be tolerated. The court added that defendant demonstrated a lack of remorse by dancing in the street after stabbing the victims. The court found no mitigating factors.

After explaining the reasons for imposing consecutive sentences, the court made clear it was applying aggravating factors three and nine to defendant's sentence for attempted murder, and aggravating factors one, three and nine to her sentence for murder. In both instances, the court found that the aggravating factors substantially outweighed the non-existent mitigating factors.

In summary, when the court first sentenced defendant, it appeared to find aggravating factors one, two, three and nine on both counts, giving great weight to aggravating factors one and two. In contrast, on resentencing, the court found only aggravating factors one, three and nine on the murder count, and only three and nine on the remaining count. Yet, notwithstanding

this significant quantitative and qualitative difference in aggravating factors, the court imposed the same sentence.

The court imposed its original sentence of fifty-years on the murder count. Applying NERA, the court determined defendant must serve forty-two years, six months and two days before becoming eligible for parole. As to the attempted murder count, the court again imposed the same sentence, thirty years subject to NERA. Thus, on the attempted murder count, defendant must serve twenty-five years, six months and two days before becoming eligible for parole. The court imposed the sentences consecutively, resulting in an aggregate eighty year term with sixty-eight years of parole ineligibility. Defendant will become eligible for parole when she is eighty-nine years old. In effect, the court imposed a life sentence on the twenty-one-year-old defendant.

On the resulting judgment of conviction, under a printed directive to include all aggravating and mitigating factors, the judgment states: "The [c]ourt finds that aggravating factors 1, 2, 3 and 9 substantially outweigh the non-existent mitigating factors as originally noted." Defendant appealed from the judgment of conviction entered after resentencing.

On appeal, defendant raises the following arguments:

9 A-3008-15T5

THE 80 YEAR SENTENCE IMPOSED AT THE
RESENTENCING — THE SAME AS THAT PREVIOUSLY
IMPOSED — IS MANIFESTLY EXCESSIVE.

    A.    Because The Court Reimposed The Same
Sentence As Previously Imposed
After Eliminating Significant
Aggravating Factors, The Case
Should Be Remanded For Sentencing.

    B.    The Sentencing Court Erred In
Finding That Aggravating Factor One
Applied To The Murder Conviction,
After The Appellate Division
Remanded For Resentencing For
Impermissible Double-Counting.

    C.    Defendant's Aggregate Sentence Of
80 Years Subject To NERA, Which Will
Make Her Eligible For Parole When
She Is 89 Years Old, Shocks The
Judicial Conscience.

We agree that the trial court, having eliminated significant aggravating factors, should not have imposed the same sentence, at least in the absence of a compelling explanation — something we cannot discern from the record.

Our review of a trial court's sentencing determination is deferential. State v. Fuentes, 217 N.J. 57, 70 (2014). Reviewing courts must not substitute their judgment for that of the sentencing court. O'Donnell, supra, 117 N.J. at 215. Nonetheless, "[a]ppellate courts are 'expected to exercise a vigorous and close review for abuses of discretion by the trial courts.'" Lawless,

_supra_, 214 _N.J._ at 606 (citations omitted). Thus, for example, when a trial court fails to provide a qualitative analysis of the relevant sentencing factors on the record, or considers an aggravating factor that is inappropriate to a particular defendant or to the defense at issue, an appellate court may remand for resentencing. _Fuentes_, _supra_, 217 _N.J._ at 70.

Moreover, "[a] clear explanation 'of the balancing of aggravating and mitigating factors with regard to imposition of sentences and periods of parole ineligibility is particularly important.'" _Id._ at 73 (quoting _State v. Pillot_, 115 _N.J._ 558, 565-66 (1989)). "That explanation should thoroughly address the factors at issue." _Ibid._

In short, "a trial court should identify the relevant aggravating and mitigating factors, determine which factors are supported by a preponderance of evidence, balance the relevant factors, and explain how it arrives at the appropriate sentence." _O'Donnell_, _supra_, 117 _N.J._ at 215. In cases such as the one before us, where on remand the sentencing court has substantially eliminated the most serious aggravating factors underlying the original sentence, the sentencing court must explain its rationale for nonetheless imposing an identical sentence. Imposing the identical sentence after eliminating the most serious aggravating factors, without explaining how eliminating those factors has had

no impact on the sentence, raises the specter of capriciousness and does not instill confidence that the sentence has been imposed only after careful consideration of the relevant criteria in the New Jersey Code of Criminal Justice.

Here, although the sentencing court on remand initially announced it would not consider aggravating factors one or two, it went on to consider aggravating factor one nonetheless. That aggravating factor is supported by the record. After stabbing the decedent and walking away, defendant returned and gratuitously inflicted additional pain, either by kicking the dying decedent once or kicking him repeatedly. The sentencing court eliminated, however, aggravating factor two.

Of greater significance is the sentencing court imposing on the attempted murder count the identical sentence despite eliminating aggravating factors one and two, which appeared to have driven the lengthy extended term the court originally imposed. These circumstances raise concerns about the propriety of the resentence imposed on the attempted murder count.

We note the sentencing court had already exercised its discretion to impose both an extended term and a consecutive sentence on the attempted murder count. As our Supreme Court has noted, "the decision whether sentences for different counts of conviction should run consecutively or concurrently often drives

the real-time outcome at sentencing." State v. Zuber, 227 N.J. 422, 449 (2017). We also note the United States Supreme Court's recognition of "the mitigating qualities of youth" and the need for courts to consider at sentencing a youthful offender's "failure to appreciate risks and consequences" as well as other factors often peculiar to young offenders. Miller v. Alabama, 567 U.S. 460, 476-77, 132 S. Ct. 2455, 2467-68, 183 L. Ed. 2d 407, 422-23 (2012). Our Supreme Court noted "that the same concerns apply to sentences that are the practical equivalent of life without parole[.]" Zuber, supra, 227 N.J. at 429.

That is not to say that defendant in the case before us, who was twenty-one-years old when she committed murder and attempted murder, should be given the same consideration as a juvenile offender. But certainly the real life consequences of a consecutive, extended-term sentence should be considered, particularly under circumstances such as these, where on the attempted murder charge the most serious aggravating factors had been eliminated and the two that remained were somewhat ubiquitous.

For the foregoing reasons, we again remand this matter for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3008-15T5